DENNIS K. BURKE
United States Attorney
District of Arizona
ANGELA W. WOOLRIDGE
Assistant United States Attorney
State Bar No. 022079
Evo A. Deconcini U.S. Courthouse
405 West Congress, Suite 4800
Tucson, Arizona 85701-5040
Telephone: 520-620-7300
angela.woolridge@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, <br><br> Plaintiff, <br><br> v. <br><br> Trinidad Vega, Jr., <br><br> Defendant. | CR10-1318- TUC-JMR (DTF) <br><br> PLEA AGREEMENT |

The United States of America and the defendant, Trinidad Vega, Jr., agree to the following disposition of this matter:

### PLEA

The defendant agrees to plead guilty to the Indictment charging the defendant with a violation of Title 18, United States Code, Section 554(a), Attempted Unlawful Export, a felony.

### ELEMENTS OF THE CRIME

The elements of Attempted Unlawful Export are that:

(A) The defendant knowingly attempted to export from the United States any merchandise, article, or object; and

(B) The exportation of the merchandise, article, or object was contrary to any law or regulation of the United States.

## TERMS

<u>Maximum Penalties</u>: The defendant understands and agrees that the maximum penalty for the offense being pled to is $250,000.00 or a maximum term of ten (10) years imprisonment, or both, and a maximum term of three (3) years supervised release.

The defendant understands that in accordance with Title 18, United States Code, Section 3013, upon entry of judgment of conviction, there shall be assessed a $100.00 special assessment for each felony count.

<u>Agreement Regarding Sentencing</u>:

(A)   Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree that a sentence of 8 to 14 months prison is an appropriate disposition of this case:

The parties agree that the following calculations apply in this case pursuant to the advisory United States Sentencing Guidelines (U.S.S.G.): The base offense level is 14 pursuant to §2M5.2(a)(2). Two (2) levels are subtracted for acceptance of responsibility pursuant to §3E1.1(a), and one additional level is subtracted pursuant to §5K2.0, which yields a final offense level of 11.

(B)   The defendant agrees to forfeit any right to the seized firearm and ammunition and agrees that the government and its agents may dispose of them appropriately.

(C)   This agreement is expressly conditioned on the defendant having Criminal History Category I. If the defendant's Criminal History Category is not determined to be I, the government may withdraw from the plea agreement.

(D)   The defendant understands and agrees that this plea agreement contains all the terms, conditions and stipulations regarding sentencing. If the defendant requests or if the Court authorizes (1) any downward departure; (2) any reduction of criminal history category which differs from that set forth in the Presentence report; or (3) any other reduction of sentence not specifically agreed to in writing by the parties, the government may withdraw from the plea agreement.

(E)     If the Court departs from the terms and conditions set forth in this plea agreement, either party may withdraw.

(F)     If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement and allow the defendant an opportunity to withdraw the defendant's guilty plea, all pursuant to Rule 11(c)(5) and Rule 11(d)(2)(A), Fed. R. Crim. P.

(G)     The government retains the unrestricted right to make any and all statements it deems appropriate to the United States Probation Office and to make factual and legal responses to any statements made by the defendant or defense counsel or to objections to the presentence report or to questions by the Court at the time of sentencing.

(H)     The defendant understands that this agreement does not in any manner restrict the actions of the government in any other jurisdiction or other United States Attorney's Office.

Waiver of Defenses and Appeal Rights:

The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information or indictment, or to the petition to revoke, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion

of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement.

Reinstitution of Prosecution:

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

Factual Basis:

I agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty; and, that if this matter were to proceed to trial, the government could prove the elements of the offense beyond a reasonable doubt:

> On May 22, 2010, at or near Douglass, in the District of Arizona, United States Customs and Border Protection (CBP) officers conducting outbound inspections at the Douglas Port of Entry, encountered the defendant, Trinidad Vega, Jr., walking from the United States toward the Republic of Mexico. Officers noticed an abnormal bulge under Vega's clothing, and discovered that Vega had a firearm; that is, a Romanian made 7.63x39 mm AK-47 style rifle, serial number 1982ZP2012, strapped to his body. Vega also had an AK-47 magazine loaded with 20 rounds of 7.63x39 mm ammunition concealed in his sock. Vega stated that he purchased the firearm earlier that day in Tucson, Arizona, and that he intended to sell it to an individual in Mexico who had requested that Vega purchase an AK-47 rifle for him. The defendant attempted to export the firearm and ammunition from the United States into Mexico, in that the defendant did not have any license or authority to export the firearm and ammunition.

Disclosure of Information to U.S. Probation:

The defendant understands the government's obligation to provide all information in its file regarding defendant to the United States Probation Office.

The defendant understands and agrees to cooperate fully with the United States Probation Office in providing:

a. All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

b. All financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

c. All history of drug abuse which would warrant a treatment condition as part of sentencing.

d. All history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

## DEFENDANT'S APPROVAL AND ACCEPTANCE

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence may otherwise be altered. I agree that any Guidelines Range referred to herein or discussed with my attorney is not binding on the court and is merely an estimate.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

9.24.10
Date

*Trinidad Vega Jr.*
Trinidad Vega, Jr.
Defendant

**DEFENSE ATTORNEY'S APPROVAL**

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences

of the guilty plea including the maximum statutory sentence possible. I have further discussed the sentencing guideline concept with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement.

    I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

9-24-10
Date

_____
Peter Raptis, Esq.
Attorney for Defendant

### UNITED STATES' APPROVAL

    I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

DENNIS K. BURKE
United States Attorney
District of Arizona

9/24/10
Date

_____
ANGELA W. WOOLRIDGE
Assistant U.S. Attorney